| | |
|---|---|
| Michael D. Braun (SBN 167416) | Janet Lindner Spielberg (SBN 221926) |
| **BRAUN LAW GROUP, P.C.** | **LAW OFFICE OF JANET LINDNER SPIELBERG** |
| 10680 Pico Blvd., Suite 280 | 12400 Wilshire Blvd., Suite 400 |
| Los Angeles, CA 90064 | Los Angeles, CA 90025 |
| Tel: 310-836-6000 | Tel: (310) 392-8801 |
| Fax: 310-836-6010 | Fax: (310) 278-5938 |
| E/M: service@braunlawgroup.com | E/M: jlspielberg@jlslp.com |

Joseph N. Kravec, Jr. (*pro hac vice*)
Maureen Davidson-Welling (*pro hac vice*)
**STEMBER FEINSTEIN DOYLE
   PAYNE & KRAVEC, LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA 15219
Tel: (412) 281-8400
Fax: (412) 281-1007
E/M: jkravec@stemberfeinstein.com

William J. Genego (SBN103224)
**LAW OFFICES OF WILLIAM GENEGO**
2115 Main Street
Santa Monica, California 90405
Tel: (310) 399-3259
Fax: (310) 392-9029
E/M: wgenego@gmail.com

*Co-Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| TINA UBALDI, individually and on behalf of all others similarly situated, | CASE NO. 3:11-cv-01320 EDL |
| Plaintiff, | CLASS ACTION |
| vs. | REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT |
| SLM CORPORATION, d/b/a SALLIE MAE, INC., d/b/a SALLIE MAE SERVICING, a Delaware corporation | |
| Defendants. | DATE: April 30, 2013<br>TIME: 9:00 a.m.<br>CTRM: 6E, 15th Floor |

## I. INTRODUCTION

In the Opposition to Motion for Leave to Amend ("Opp.") (Dkt. 128), Defendants contend there is no good cause to modify the scheduling order, and that they will be prejudiced if leave to file the Third Amended Complaint (TAC) is granted. These arguments are baseless.

As explained herein, Defendants attempt to recast the clear standards of Rule 15(a) and Rule 16(b) into an obtuse discourse on Plaintiff's diligence. Notwithstanding this misguided analysis, the record shows that Plaintiff has been diligent in prosecuting this action and pursuing her claims. Perhaps the clearest demonstration of this point is that Defendants accuse Ms. Ubaldi of lacking diligence because she did not make her usury claims earlier in the litigation, even though she does not have (nor ever had) standing to assert these claims. Only Ms. Thurston, and those who have similarly been charged usurious interest rates, have standing to assert claims for usury. It is illogical, therefore, to argue that Ms. Ubaldi was not diligent in pursuing a claim that she does not have. Likewise, Ms. Thurston cannot be accused of lacking diligence as she is a new litigant bringing her claims for the first time.

Further, notwithstanding their arguments, this case is at an early stage. There is no reason to expect any delay, nor will Defendants suffer any prejudice, since, if leave is denied, Ms. Thurston will file a separate complaint premised upon the same facts and causes of action set forth in the TAC. For this reason, Plaintiff's motion presents the most judicially efficient means of moving forward with this litigation in a streamlined and orderly fashion and therefore should be granted.[1]

---

[1] Defendants' accuses Plaintiff of citing *Dang* for the proposition that the Ninth Circuit has "weakened" the good cause requirement. This argument is misplaced. Plaintiff cites *Dang* to demonstrate the long held black letter law of this Circuit -- that Courts have broad discretion in maintaining their pre-trial schedules and may freely amend those schedules in light of "[t]he rights of the parties, the ends of justice, and judicial economy." *Id.* at 1143.

Case No. 3:11-cv-01320 EDL                    1                    REPLY MPA ISO MOTION FOR LEAVE
                                                                                TO FILE TAC

## II. ARGUMENT

### A. There is Good Cause to Modify the Scheduling Order

The crux of Defendants' "good cause" argument is that Plaintiff Ubaldi's proposed amendments could and should have been brought earlier. *See* Opp. at 4-7. Defendants' points are not well taken.

Significantly, in tacit recognition of the fact that "an overall evaluation of the rights of the parties, the ends of justice, and judicial economy" provides "good cause" to amend the scheduling order here, *see Dang*, 488 F.3d at 1142-1143, Defendants insist that this Court must only view the issue before it myopically, focusing only on Plaintiff's supposed lack of diligence. This is not the law. *Id.*

In addition, however, Defendants' charges that Plaintiff Ubaldi could and should have sought leave to amend sooner are meritless. First, while Defendants contend that the additions of Ms. Thurston and the usury claims could have and should have been made sooner, they could not. Procedurally, this case remains in a nascent stage. Defendants unsuccessfully challenged the pleadings on pre-emption via a motions to dismiss and subsequently asked the Court to narrowly limit the next phase of litigation to discovery on Plaintiff's *de facto* lender theory so that Defendant could bring a motion for summary judgment on the issue without expending resources on other aspects of the case. The parties limited their discovery efforts accordingly. Plaintiff was prepared to fend off Defendants anticipated summary judgmnent challenge on the *de facto* lender theory until Defendants unexpectedly abandoned it. Shortly thereafter, Defendant requested that Plaintiff enter into mediation. On the heels of the failed mediation, Plaintiff raised with the Court her desire to amend the complaint. Primarily, the amendments proposed in the TAC are premised upon usury allegations – adding a new plaintiff and four causes of action alleging usury. *See* Pls' Motion and Exhibit A thereto. Significantly, it is Plaintiff's *de facto* lender theory that is the backbone underlying the new usury causes of action.

Moreover, as detailed above, Ubaldi did not have standing to bring these claims. It was not until Plaintiff's Counsel was approached by a putative class member that was subject to interest rates that

exceeded 10% did usury become a viable cause of action.  *See* Declaration of Janet Lindner Spielberg ("Spielberg Decl.") filed herewith at ¶¶ 1-7.  Less than one week after speaking with the putative class member, Plaintiff informed the Court (and Defendants) of her intention to amend the complaint to add usury claims, which she has now done in a timely manner.[2]

Second, Defendants argue that Ms. Ubaldi has known of the choice of law issues since the inception of the litigation and therefore to argue them now is untimely.  This argument is specious.  Undoubtedly the choice of law provision was part of Ms. Ubaldi's Sallie Mae contract and therefore an implicit part of the complaint.  The fact that it is more completely addressed in the proposed TAC is not indicative of undue delay or lack of diligence.

Finally, Sallie Mae erroneously contends that Plaintiff's tolling allegations are untimely because "Ubaldi also knew, or should have known, of the basis for her tolling allegation because the United States Department of the Treasury released the draft Report (the "Treasury Report") upon which she

---

[2] Defendant suggests that the intervening "month" Plaintiffs needed to draft the complaint is tantamount to undue delay and a lack of diligence. *See* Opp. at 6.  However, a 30 day window to amend a complaint is well within reason. *See e.g. Coleman v. S. Wine & Spirits of Cal., Inc.*, 2011 U.S. Dist. LEXIS 84592 (N.D. Cal. Aug. 2, 2011)(30 days leave to amend complaint); *Jones v. Felker*, 2010 U.S. Dist. LEXIS 12334 (E.D. Cal. Feb. 12, 2010); *Campbell v. City of Spokane*, 2009 U.S. Dist. LEXIS 124577 (E.D. Wash. Dec. 23, 2009)(60 days to amend complaint). Here, the delay was in large part due to Defendant having taken four weeks to respond to the putative class member's request for copies of her promissory notes.  Spielberg Decl. at ¶ 6.

Defendants also cite several cases in support of their argument on diligence but each is factually inapposite to the case at bar. *See e.g. Justin v. City & County of San Francisco*, 2008 U.S. Dist. LEXIS 101501 (N.D. Cal. Feb. 26, 2008) (involved counsel who "ignored" court orders to file documents, failed to respond to defendants summary judgment motion, issued discovery on the last possible day, and despite knowing they would need to file a continuance, waited for over a year to do so); *Totah v. Lucasfilm Entm't Co.*, 2010 U.S. Dist. LEXIS 92037, 6-7 (N.D. Cal. Aug. 9, 2010) (Plaintiff denied leave to amend because Plaintiff could not explain why the new facts and theories had not been added earlier).  One of Defendants' citations does have applicability to the case at bar.  In *Use Techno Corp. v. Kenko USA, Inc.*, 2007 U.S. Dist. LEXIS 62640 (N.D. Cal. Aug. 13, 2007) the court found that plaintiff lacked good cause to amend when they could have alleged a claim from the inception of the lawsuit but also found there was good cause to amend where plaintiff sough to bolster arguments already made.  Drawing a parallel to the case at bar, Ms. Ubaldi did not and does not have standing to assert the usury causes of action precluding any allegation of a lack of diligence or delay on her part.

---

relies in March 2011." Opp. at 6. This argument misconstrues Plaintiff's TAC, which in fact alleges that this was the first time that any class member **could** have discovered Sallie Mae's unlawful practices, but which **also** specifically alleges that this document was not sufficient to put borrowers on notice of the need to investigate. *See* TAC ¶ 118. Moreover, while Defendants now argue that Plaintiff was on notice of all of the facts that she needed to allege tolling, this is simply not the case. Except for the ExportSS® Agreement, Defendants opposed and refused to agree to produce most other documents (including all documents from the Office of Sallie Mae Oversight such as the draft Report) regarding its practices or their extent. *See, e.g.,* Dkt. 82 (Defs' Opp. to Motion to Compel). Thus, it was not until after Plaintiff obtained additional documents through a subpoena to the Department of the Treasury **on January 13, 2013**, that Plaintiff could properly allege tolling. Plaintiff promptly advised the Court of this only a few weeks later. *See* Dkt. 125. Having denied Plaintiff the facts to permit her to seek leave to amend earlier, Defendants have no good grounds to oppose her effort to do so now.

In sum, both an overall evaluation of the rights of the parties, the ends of justice, and judicial economy, as well as Plaintiff's conduct, establish good cause to modify this Court's scheduling order.

### B. The Filing of the TAC Does Not Prejudice Defendants

Defendants oppose the amendment, asserting it "will greatly alter the nature of the litigation and increase the time, expenses and resources needed for defense." Opp. at 8. Defendants' are wrong.

While "greatly altering the nature of the litigation," Opp. at 8, could certainly give rise to prejudice in other circumstances, no amendment proposed in the TAC comes remotely close to altering the nature of this litigation. Here, the very foundation of Plaintiff's claim is that Sallie Mae was the *de facto* lender for Plaintiff's loan, and, as such, has liability for the wrongs alleged therein. This theory, although bolstered with new evidence, has not changed. Indeed, the majority of time spent in this litigation has been addressing this very point. The proposed usury claims rise or fall on this same theory. Moreover, Defendants cannot seriously contend that once Sallie Mae is established as the *de*

*facto* lender, proving a usury claim (i.e. that Plaintiff Thurston and the usury class were charged more than 10% annually on their Sallie Mae loans) would be a time consuming distraction that is any different from proving Sallie Mae charged late fees. Indeed, these are mostly technical inquiries that can easily be confirmed by Defendants' own books and records.

In addition, Defendants' concerns about delay are unfounded. Plaintiff's motion for class certification is due on August 20, 2013, approximately 5 months from now. *See* Dkt. 125. Additional discovery pertaining to the usury claims will be propounded shortly. In the event Defendants wish to challenge the TAC, such a motion would logically be limited to issues not raised and decided previously and would certainly be resolved well in advance of Plaintiff's class certification deadline. Given that this case involves standard form loan contracts, class discovery is relatively straight-forward. Assuming Defendants elect to cooperate in the discovery process as required by Fed.R.Civ.p. 26, the timing concerns Defendants raise in their attempt to show prejudice are groundless.

Defendants also claim prejudice stemming from "the time, expenses and resources needed for defense" of the added claims. Opp. at 8. It is telling, however, that in their analysis, Defendants never discuss (and in effect concede) that they will be subjected to these defense costs irrespective of whether this Court permits Plaintiff leave to amend her complaint or not. *See* Opp. at 7-9. This is the case since, as detailed above, Ms. Thurston has every right to bring her claims as a separate action, and will do so if needed. This obviates any accusation of prejudice to Defendants.

Moreover, necessitating the filing of usury claims in a separate action would clearly be an inefficient use of time and resources - imposing unnecessary costs on the judiciary and parties. Permitting the filing of the TAC provides the most streamlined and efficient manner of presenting Ms. Thurston's usury claims.

### III.  CONCLUSION

For the reasons above, Plaintiff respectfully requests the Court grant her leave to file the TAC.

DATED:  April 16, 2013

Respectfully Submitted,

**BRAUN LAW GROUP, P.C.**

By: _____
Michael D. Braun
10680 W. Pico Boulevard, Suite 280
Los Angeles, CA 90064
Phone:   (310) 836-6000
Fax:        (310) 836-6010


Janet Lindner Spielberg (SBN 221926)
**LAW OFFICE OF JANET LINDNER SPIELBERG**
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025
Tel: (310) 392-8801
Fax: (310) 278-5938

William J. Genego (SBN103224)
**LAW OFFICES OF WILLIAM GENEGO**
2115 Main Street
Santa Monica, California  90405
Tel: (310) 399-3259
Fax:  (310) 392-9029


Joseph N. Kravec, Jr. (pro hac vice)
**STEMBER FEINSTEIN DOYLE
  PAYNE & KRAVEC LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA  15219
Tel: (412) 281-8400
Fax:  (412) 281-1007


**Attorneys for Plaintiff**