IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA M UBALDI, | No. C -11-01320-EDL |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| v. | |
| SLM CORPORATION, | |
| Defendant. | |

## I.  Introduction

This is a putative class action asserting claims against defendant SLM Corporation ("SLM") arising from late charges incurred for failing to make timely payments on student loans.  Now before the Court is Plaintiff's motion for leave to file a Third Amended Complaint ("TAC").  Defendants oppose the motion on grounds that Plaintiff has not shown good cause for modifying the scheduling order, and that they will be prejudiced by this late amendment after two years of litigation and well into discovery on the existing claims.  For the following reasons, the Court hereby GRANTS IN PART AND DENIES IN PART the motion for leave to amend.

## II.  Background

Plaintiff Tina Ubaldi originally filed this action on March 18, 2011.  The Court granted in part and denied in part SLM's motion to dismiss, allowing discovery to proceed on Plaintiff's own claims and on her "de facto" lender theory.  Docket No. 43.  Plaintiff filed an Amended Complaint, and SLM contended that it was improperly named as a defendant.  The Court held a case management conference on March 22, 2012, after which the Court allowed limited discovery on the issue of whether defendant Sallie Mae is Plaintiff's "de facto lender."  On April 2, 2012, the Court entered a scheduling order requiring that a motion or stipulation to amend the pleadings be filed no

later than June 1, 2012. Dkt. # 47, 55. On July 1, 2012, Plaintiff filed an unopposed motion to file a Second Amended Complaint, naming Sallie Mae, Inc. and SLM Student Loan Trust 2004-A as additional defendants, which the Court granted. Docket Nos. 55, 80, 84, 86. The case was stayed from December 2012 until February 2013 pending the outcome of private mediation, but the case did not resolve and active litigation resumed. Dkt. # 122, 123.

Under the operative pleading, the proposed class is defined as "[a]ll persons who at any time took out a Sallie Mae Private Education Loan in the State of California for which Sallie Mae was the *de facto* actual lender as described in this First [sic] Amended Complaint, and who on or after March 17, 2007, incurred a Late Charge from Sallie Mae." Second Amended Complaint ("SAC") ¶63. Plaintiff alleges that the late charges assessed on her student loans from Sallie Mae are improper liquidated damages under California Civil Code section 1671 and that the charges are unfair because they exceed the actual costs associated with a late payment. The SAC asserts claims against Sallie Mae and SLM Corporation for: (1) unlawful business practices under California's Unfair Competition Law, California Business and Professions Code section 17200 et seq. (the "UCL") and (2) unfair business practices under the UCL.

During a case management conference on February 15, 2013, Plaintiff indicated that she planned to seek leave to file a Third Amended Complaint ("TAC") and the Court ordered the parties to discuss the issue. Dkt. # 125. On March 15, 2013, Plaintiff emailed Defendants a proposed TAC, Defendants refused to stipulate to its filing, and Plaintiff thereafter filed the instant motion for leave to amend. Simonetti Decl. ¶ 6-7, Ex. A; Dkt. # 126. Plaintiff filed this motion on March 26, 2013 to: (1) name an additional named plaintiff; (2) assert claims under the California Constitution, Article XV, § 1, Cal. Civ. Code. § 1916-1 et seq., and the UCL on behalf of a California class of borrowers who got Private Education Loans from Sallie Mae and were charged more than 10% interest; (3) bring a claim for declaratory relief on behalf of California Private Education Loan borrowers holding that the choice-of-law provisions in those loans are unenforceable; (4) add additional facts supporting her "de facto" lender theory learned in discovery; and (5) modify the class definition and extend the class period for the current late charge class back prior to March 17, 2007.

2

### III. Legal Standard

Leave to amend is generally granted when requested prior to a deadline under a scheduling order. In determining whether to allow leave to amend under Rule 15, courts consider: (1) any bad faith/dilatory motive of the moving party; (2) any prejudice to the opposing party; (3) undue delay; and (4) the futility of the proposed amendment. Jackson v. Bank of Hawaii, 902 F. 2d 1385, 1387 (9th Cir. 1990). Ultimately, prejudice is the critical factor in considering motions for leave to amend. Howey v. U.S., 481 F.2d 1187, 1190 (9th Cir. 1973). The party opposing the amendment bears the burden of showing prejudice. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 190 (9th Cir. 1987).

However, where, as here, a motion to amend is made after the time set out in a scheduling order, the party seeking amendment must meet a higher good cause standard. See Fed R. Civ. P. 16(b). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); see also AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006) ("In Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.1992), we held that Rule 15(a) did not apply, not because Rule 15 is trumped by Rule 16 once the district court filed a pretrial scheduling order, but rather because the party in Johnson had failed to file his motion to join additional parties within the period of time set in the district court's scheduling order. Id. at 607-08. Put simply, the party could not appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion had to satisfy the more stringent 'good cause' showing required under Rule 16.").

### IV. Discussion

Plaintiff contends that, irrespective of diligence, leave to amend should be allowed primarily because it will promote efficiency by avoiding the need for a second, largely duplicative class action lawsuit. She argues that the proposed new usury claims and declaratory relief claim are premised on the same core factual allegations in the existing pleading (Sallie Mae's status as a de facto lender

3

1  and the challenge to the late charges), and many class members paid both the late fees challenged in
2  the existing pleading and the interest that she now seeks to challenge by way of amendment.
3  However, even if amendment would promote efficiency, the Court cannot ignore the question of
4  Plaintiff's diligence where a motion for leave to amend is filed after the deadline set by the
5  scheduling order and thus the more stringent "good cause" standard of Rule 16 applies.

### A. Amendment to Assert Usury Claims

With respect to the usury claims, Plaintiff argues that there is good cause for allowing the amendment because her existing de facto lender theory is the backbone of her usury claims so they overlap significantly, and she has been diligent is asserting these new claims as Defendants only recently decided not to move for summary judgment against that theory, and the parties engaged in an unsuccessful mediation. However, Plaintiff could have requested leave to amend shortly after another plaintiff contacted Plaintiff's counsel regarding the usury claims a month before the February 15, 2013 case management conference, but instead waited a month after the case management conference during which the issue of amendment was raised to email Defendants about the amendment. This delay reflects some lack of diligence on Plaintiff's part in seeking leave to amend to assert the usury claims.

However, and though a close question, the Court finds good cause for allowing an amendment to add the usury claims. Plaintiff was contacted relatively recently by a new potential plaintiff, the usury claims are closely related to her existing claims and do not fundamentally alter the nature of the case or the case schedule, and it would be inefficient to conduct two parallel proceedings with significant overlap. Therefore, the Court GRANTS Plaintiff's motion for leave to amend to assert the usury claims. The deadline for filing a class certification motion is August 20, 2013. See Dkt. # 125. Therefore, the Court will allow an expedited schedule for hearing a motion to dismiss these claims. If it elects to do so, Defendant shall file a motion to dismiss the usury claims within two weeks of the date of this Order, and Plaintiff shall file an opposition no later than one week after the motion to dismiss is filed. The Court will notify the parties if it believes that a reply brief or oral argument on the motion to dismiss are warranted. Though all discovery is not stayed, the parties shall not take the new named Plaintiff's deposition until after the Court rules on

this motion to dismiss.

### B.   Amendment to Allege Tolling and Extend the Late Charge Class Period

In their papers, neither party separately addresses Plaintiff's request to amend the class definition and extend the class period for the current late charge class from the current date of March 17, 2007, back to January 1, 1996.  Compare SAC ¶ 61 to TAC ¶ 115-20, 123.  Plaintiff's TAC contains "tolling" allegations that Plaintiffs could not have known that Defendants were the de facto lenders potentially liable for unlawful interest and late charge fees under California until at least March 2011 and after some discovery in this case.  TAC ¶ 115-20.  Therefore, according to Plaintiff, Defendants should be liable from "the first unlawful charging of fees and/or interest by the Discovery Rule and/or concealment doctrine."  TAC at ¶ 120.  However, Plaintiff's new tolling allegations rely on facts she has known for many months or even years and do not justify expanding the class definition to cover an additional ten years.  This portion of Plaintiff's motion is DENIED.

### C.   Declaratory Relief on Choice of Law Issue

Plaintiff contends that her claim for declaratory relief regarding choice of law merely states a issue that was implicit in prior pleadings, and was prompted by Defendants' statement in early 2013 that Defendant would assert a choice of law defense.   Defendants counter that the choice of law provision was included in the promissory note attached to Plaintiff's FAC (Dkt. # 25), so Plaintiff necessarily knew of the issue at that time and it was not Defendants' duty to raise the issue for Plaintiff during litigation. While Defendants' position has some merit, given that choice of law is certain to be a legal issue in the case, either as a defense or an affirmative claim, and both sides have known this since the case's inception, there is no prejudice in allowing an amendment to assert it now.  This portion of Plaintiff's motion is GRANTED.

### D.   Amendment to Include Additional Background Facts

Plaintiff argues that many of the new factual allegations she seeks to include the TAC pertain to facts learned during discovery, citing paragraphs 70 through 83 of the TAC.  However, she does not explain when these new facts were learned in discovery, which has been ongoing for a year.  On the one hand, it appears that some of the documents on which these allegations are based were produced in May 2012, before she filed her SAC, and her omission of these allegations in the last

5

iteration of her complaint does not justify allowing a later amendment now. See Simonetti Decl. ¶ 4. On the other hand, Plaintiff claims that other documents were not produced until January 2013. Defendants also point out that many of her new factual allegations are based on a Treasury Report which has been publicly available since 2011. See TAC ¶ 115-120. However, because Plaintiff alleges that this Report was insufficient to put borrowers on notice of the need to investigate potentially unlawful practices, its release date is not determinative. In short, while Plaintiff appears to have been less than diligent in seeking leave to amend to include some of her new factual allegations, she has demonstrated good cause for allowing amendment to assert her usury and declaratory relief claims. Further, with the exception of the tolling allegations and expanded class definition, Defendants have not shown how they will be prejudiced by the new factual allegations. Therefore, this potion of the motion is GRANTED to the extent that the new factual allegations relate to the new usury and declaratory relief claims, but not as to tolling.

IT IS SO ORDERED.

Dated: May 6, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge