Janet Lindner Spielberg (SBN 221926)
**LAW OFFICES OF JANET
  LINDNER SPIELBERG**
12400 Wilshire Boulevard, # 400
Los Angeles, California  90025
Telephone: 310-392-8801
Email: jlspielberg@jlslp.com

Michael D. Braun (SBN 167416)
**BRAUN LAW GROUP, P.C.**
10680 West Pico Boulevard, Suite 280
Los Angeles, California 90064
Telephone: 310-836-6000
Email: service@braunlawgroup.com

Joseph N. Kravec, Jr. (*pro hac vice*)
Stephen M. Pincus (*pro hac vice*)
Wyatt A. Lison (*pro hac vice*)
**FEINSTEIN DOYLE PAYNE
  & KRAVEC, LLC**
429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, Pennsylvania 15219
Telephone: 412-281-8400
Email: jkravec@fdpklaw.com
Email: spincus@fdpklaw.com
Email: wlison@fdpklaw.com

William J. Genego (SBN103224)
**LAW OFFICES OF WILLIAM GENEGO**
2115 Main Street
Santa Monica, California 90405
Telephone: 310-399-3259
Email: bill@genegolaw.com

*Attorneys for Plaintiffs Tina M. Ubaldi and Chanee Thurston*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TINA M. UBALDI and CHANEE THURSTON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SLM CORPORATION; a Delaware Corporation; SALLIE MAE, INC.; and SLM PC STUDENT LOAN TRUST 2004-A<br><br>Defendants. | Case No. C-11-01320-EDL<br><br>CLASS ACTION<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES 14-18 AND REQUESTS FOR PRODUCTION OF DOCUMENTS 56-58; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Date:        July 23, 2013<br>Time:       9:00 a.m.<br>Courtroom:    E |

## NOTICE OF MOTION AND MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD: Please take notice that, on July 23, 2013 at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom E of the above-referenced court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiffs Tina Ubaldi and Chanee Thurston will, and hereby do, move this court for an order compelling Defendants SLM Corporation, Sallie Mae, Inc. and SLM PC Student Loan Trust 2004-A to provide full and complete responses to Plaintiffs' Interrogatories Nos. 14-18 and Requests for Production of Documents Nos. 56-58. Defendants waived all objections to Plaintiffs' Interrogatories and Requests for Production by failing to timely respond as required by the Federal Rules of Civil Procedure. Notwithstanding their waiver, Defendants' objections are entirely boilerplate and not independently sustainable under the Federal Rules of Civil Procedure.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Joseph Kravec, other materials and arguments of counsel presented before or during the hearing on this Motion, and any other evidence and argument the Court may consider.

i

Plaintiffs' Notice of Motion and Motion to Compel Responses to Interrogatories 14-18 and Requests for Production of Documents 56-58; Memorandum of Points and Authorities in Support; Case No. 3:11-cv-01320 EDL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

For the second time in this litigation, Defendants SLM Corporation, Sallie Mae, Inc. and SLM PC Student Loan Trust 2004-A (collectively "Sallie Mae") waived their objections to discovery by not responding within the time period required by the Federal Rules of Civil Procedure – in this case, more than six months after being served. Fed.R.Civ.P. 33(b)(2) and 34(b)(2)(A). Notwithstanding the fact Sallie Mae waived their right to object, their objections are nothing more than boilerplate recitations, the kind of non-substantive responses that are routinely rejected by Courts in this Circuit. For either of these reasons, the Court should order Sallie Mae to promptly answer this discovery.

The discovery at issue in Plaintiffs' Third Set of Interrogatories and Fourth Set of Requests for Production of Documents (the "Discovery") concerns Plaintiffs' claim that Sallie Mae charged private student loan borrowers unlawful late fees. Plaintiffs assert that Sallie Mae's late fees are unlawful as they bear no relationship to the actual costs Sallie Mae incurs as the result of a late payment. Third Amended Complaint ("TAC") Dkt. No. 126-01, ¶¶ 33 – 44. The Discovery is narrowly targeted to obtain information regarding, *inter alia*, the actual cost incurred by Sallie Mae when a payment is late, and whether the late fee imposed by Sallie Mae is related to this amount. *See* Declaration of Joseph N. Kravec, Jr., ("Kravec Dec.") ¶ 5.

Plaintiffs served their Discovery on November 16, 2012. Kravec Dec. ¶ 5. The parties subsequently stayed discovery in order to mediate the case with the understanding that Sallie Mae would promptly respond if the mediation failed. Kravec Dec. at ¶ 7. The mediation was held on February 4, 2013 but was unsuccessful. Kravec Dec. at ¶ 8. On February 12, 2013, the parties filed their Joint Case Management Statement advising the Court mediation had failed and litigation would resume. Dkt. No. 123. Sallie Mae did not respond to the Discovery. When confronted several months later, Sallie Mae agreed to respond by June 4, 2013. Kravec Dec. ¶ 10. The responses were not received until June 7, 2013 and dishearteningly, consisted of nothing but conclusory, unsupported boilerplate objections. Kravec Dec. at ¶ 11.

1

Plaintiffs' Notice of Motion and Motion to Compel Responses to Interrogatories 14-18 and Requests for Production of Documents 56-58; Memorandum of Points and Authorities in Support; Case No. 3:11-cv-01320 EDL

1   On June 14, 2013, pursuant to Fed.R.Civ.P. 37 and L.R.. 37-1(a), counsel for parties met and conferred on the inadequacy of Sallie Mae's responses. Kravec. Dec. at ¶ 12. Plaintiffs' Counsel informed Sallie Mae's Counsel that short of an immediate and full production, Plaintiffs intended to seek judicial intervention. *Id*. Sallie Mae indicated it was prepared to fully answer the Discovery, but refused to give a date certain for its response. *Id*. Sallie Mae's failure to produce or give a date certain for the production prejudices Plaintiffs by forcing them to delay the deposition of Sallie Mae's corporate representative and potentially move for class certification without relevant discovery.[1] *Id*. at ¶ 13.[2]

This action seeks relief on behalf of student borrowers who received private education loans for which Sallie Mae is the *de facto* lender. From the inception of this litigation[3] Plaintiffs alleged Sallie Mae charged borrowers unlawful penalty fees for late loan payments. TAC at ¶¶ 33 – 44. Sallie Mae's late fees are unlawful because they bear no relationship to the costs Sallie Mae actually incurs as the result of a late payment. *Id*. Plaintiffs have noticed a Fed.R.Civ.P. 30(b)(6) deposition of Sallie Mae's corporate representative and are entitled to have Sallie Mae's discovery responses in advance of that deposition. Most importantly, the deposition is being taken, in part, to discover information pertinent to Plaintiffs' Class Certification Motion due August 20, 2013. *See* Dkt. No. 125. As a matter of law and equity, Plaintiffs are entitled to promptly receive full and complete responses to the Discovery which is the subject of this motion.

## II.   SALLIE MAE WAIVED THEIR OBJECTIONS

Sallie Mae waived all objections to discovery by failing to answer within the time required by Fed.R.Civ.P. 33(b)(2) and 34(b)(2)(A). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Landon v. Ernst & Young LLP*, 2009 WL 4723708, at *1 (N.D.Cal. 2009) (*quoting Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir 1992)). Plaintiffs served the Discovery by personal

---

[1] Plaintiffs' motion for class certification is currently due August 20, 2013. Dkt. No. 125.
[2] To the extent Sallie Mae provides full and complete responses to the Discovery, Plaintiffs will withdraw this motion.
[3] *See* Complaint, Dkt. No. 1 at ¶ 2 ("This late fee is actually a liquidated damages penalty, unlawful under California law, as determined and assessed by Sallie Mae").

2

1  delivery on November 16, 2012.  Kravec Dec. ¶ 5.  When the discovery stay was lifted on February
2  4th, Sallie Mae had 25 days remaining to respond under Fed.R.Civ.P. 33(b)(2) and 34(b)(2)(A).  By
3  failing to respond until  June 7, 2013, four months after responses were due, Sallie Mae waived any
4  and all objections to the Discovery.  Kravec Dec. ¶ 11.  *Richmark*, 959 F.2d 1473 (finding that a
5  party who failed to timely object to interrogatories and document production requests waived any
6  objections).

7  Sallie Mae has not and cannot provide any excusable reason for its failure to comport with
8  the Federal Rules of Civil Procedure. Sallie Mae's "cavalier attitude" demonstrated by the length of
9  the delay provides no basis for a finding it had good cause to ignore discovery.  *E.E.O.C. v. Safeway*
10 *Store, Inc.*, 2002 WL 31947153, at *2 (N.D.Cal. 2002).  While this Court has found a one-day delay
11 excusable, the length of Sallie Mae's delay precludes a finding they had good cause to ignore the
12 discovery.  *Compare Kanawi v. Bechtel Corp.,* 2008 WL 4642168, at *1 (N.D.Cal.2008) (Laporte,
13 M.J.) (calendaring error gave party good cause for one day delay in responding to discovery) with
14 *Bryant v. Armstrong*, 285 F.R.D. 596, 602 (S.D. Cal. 2012) (responses untimely when served
15 seventy-nine days after discovery stay expired).  As such, Sallie Mae has waived its objections and
16 Plaintiffs are entitled to complete and immediate responses to their Discovery.

17
18 **III.   SALLIE MAE'S BOILERPLATE OBJECTIONS ARE MERITLESS EVEN IF NOT WAIVED**
19 The Discovery sought is narrowly targeted towards Plaintiffs' allegation that Sallie Mae's
20 late fee provision is an unlawful penalty charge.  *See* TAC ¶ 33-44.  Plaintiffs' Interrogatories
21 pertain to: the costs Sallie Mae incurred as a result of late payments; Sallie Mae's basis for denying
22 the late fees it charged Plaintiff Ubaldi were not based on these costs; whether Sallie Mae recovered
23 these costs from any entity besides Plaintiff Ubaldi; whether Sallie Mae capitalizes late fees; and
24 whether Sallie Mae contends the late fee provision is reasonable.  Kravec Dec. Exhibit A.  Plaintiffs'
25 Document Requests seek documents identified in response to these Interrogatories.  Kravec Dec.
26 Exhibit B.
27
28

3

As set forth above, Sallie Mae waived all objections to this discovery by failing to timely respond. Even if not waived, however, Sallie Mae's objections have no merit as they are conclusory, boilerplate assertions that do not otherwise state sustainable objections. *See e.g. Wolk v. Green*, 2007 WL 3203050, at *1 n. 1 (N.D.Cal. 2007) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all") *citing Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D.Cal.1999). As detailed below, the Court should compel Sallie Mae to fully respond to the Discovery.

### A. Analysis of Specific Requests and Objections

#### 1. *Interrogatory No. 14*

##### a) What The Interrogatory Seeks

For each late payment for which a late fee was assessed to Plaintiff [Ubaldi] on her CEC Signature Loan between June 24, 2003 and December 30, 2010, separately identify the cost(s) incurred by Defendants as a result of the late payment for which the late fee was charged, and explain how the amount of each cost was calculated including the date the calculations were performed and any mathematical formulas used.

##### b) Sallie Mae's Objections

Defendants object to this Interrogatory on the grounds, among others, that: (i) it is overly broad, burdensome and harassing; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; (iv) it is vague and ambiguous; and (v) it seeks confidential, proprietary business information.

##### c) The Objections Are Meritless

Sallie Mae asserts these boilerplate objections without providing any substantive reason why the Interrogatory is objectionable. Such "[b]oilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Baker v. Arkansas Blue Cross*, 2009 WL 904150, at *2 (N.D.Cal. 2009) (Laporte, M.J.) (internal citations omitted).

A plain and fair reading of Interrogatory No. 14 demonstrates that Objections (i), (ii) and (iv) are also misplaced. The Interrogatory identifies specific payments made by Plaintiff Ubaldi for which Sallie Mae charged a late fee. There is nothing therefore that is vague, ambiguous or overbroad. Moreover, the amount of Sallie Mae's actual costs, and whether these costs exceed the amount Sallie Mae charges borrowers for late payments, is undeniably central, and therefore

4

1  relevant, to Plaintiffs' late fee claim. TAC at ¶¶ 33 – 44.  Sallie Mae does not, and cannot explain
2  how this Interrogatory is overbroad, burdensome, harassing or irrelevant, as they must do under the
3  Federal Rules of Civil Procedure. *Fosselman v. Caropreso*, 2011 WL 999549, at *4 (N.D.Cal. 2011)
4  ("[t]he party resisting discovery must instead show specifically how each interrogatory or request for
5  production is not relevant or how each question is overly broad, burdensome or oppressive")
6  (internal citations and quotations omitted); *Thomas v. Cate*, 715 F.Supp.2d 1012, 1030 (E.D.Cal.
7  2010) ("[t]he party objecting to discovery as vague or ambiguous has the burden to show such
8  vagueness or ambiguity by demonstrating that more tools beyond mere reason and common sense
9  are necessary to attribute ordinary definitions to terms and phrases").

10  Objections (iii) and (v) are similarly not well taken.  First, it is inexplicable how an actuarial
11  exercise - calculating Sallie Mae's costs arising from processing late payments - can raise an issue of
12  attorney-client privilege.  Second, to the extent Sallie Mae can raise any legitimate concern over the
13  exposure of proprietary or confidential information, it is assuaged by the protective order entered in
14  this litigation. Dkt. No. 73. *See Embry v. Acer Am. Corp.*, 2011 WL 250397, at *3 (N.D. Cal. Jan.
15  26, 2011) (overruling confidentiality objections where protective order in place).  As such, Sallie
16  Mae's objections are all meritless even if not waived.

### 2. *Interrogatory No. 15*

#### a) What The Interrogatory Seeks

Have any of the late fees assessed to Plaintiff [Ubaldi] on her CEC Signature Loan between June 24, 2003 and December 30, 2010 been capitalized, and if so, identify which of the late fees have been capitalized and the date they were capitalized.

#### b) Sallie Mae's Objections

Defendants object to this Interrogatory on the grounds, among others, that: (i) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) it seeks confidential, proprietary business information; and (iii) it seeks an improper legal conclusion.

#### c) The Objections Are Meritless

Objections (i) and (ii) – neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and confidentiality - are meritless for the same reasons as discussed concerning

5

Plaintiffs' Notice of Motion and Motion to Compel Responses to Interrogatories 14-18 and Requests for Production of Documents 56-58; Memorandum of Points and Authorities in Support; Case No. 3:11-cv-01320 EDL

1  Interrogatory No. 14.  Objection (iii) – improper legal conclusion – is meritless on its face because
2  whether late fees were capitalized is a factual issue not a legal conclusion.
3      Plaintiffs are entitled to this discovery for all the same reasons as discussed with respect to
4  Interrogatory No. 14.  Indeed, this Interrogatory directly concerns Plaintiffs' allegation that the late
5  fee is unlawful because Sallie Mae's capitalization of late fees effectively double-charges borrowers.
6  TAC ¶ 36.  Therefore, the Interrogatory is both relevant and "reasonably calculated to lead to the
7  discovery of admissible evidence."  Fed.R.Civ.P. 26(b)(1).

### 3.     *Interrogatory No. 16*

#### a)  What The Interrogatory Seeks

> State all facts that support your denial to Request for Admission No. 45, and identify all documents that support the denial.

Plaintiffs' Request for Admission No. 45 states:

> Admit that the amount of the late fees assessed Plaintiff [Ubaldi] on her CEC Signature Loan was not based on the amount of the cost incurred as a result of the payment being late.

Sallie Mae denied Request for Admission No. 45 subject to objections (*See* Kravec Dec. Exhibit D at 25):

> Sallie Mae objects to this Request on the grounds, among others, that: (i) it is unintelligible, vague and ambiguous with respect to the terms "based on," "amount," "cost" and "incurred"; and (ii) it seeks an improper legal conclusion. Without waiving, and subject to, these objections and the general objections, Defendants respond to this Request as follows: Deny.

#### b)  Sallie Mae's Objections

Defendants object to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous as the underlying Request for Admission was vague and ambiguous; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (iv) it seeks confidential, proprietary business information.

#### c)  The Objections Are Meritless

Sallie Mae's objections are meritless for the same reasons discussed concerning Interrogatory No. 14.  Moreover, objections (i) and (ii) – vague and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence – are particularly frivolous.  The interrogatory is

6

Plaintiffs' Notice of Motion and Motion to Compel Responses to Interrogatories 14-18 and Requests for Production of Documents 56-58; Memorandum of Points and Authorities in Support; Case No. 3:11-cv-01320 EDL

indisputably relevant because the underlying request for admission asked Sallie Mae to admit the factual elements of Plaintiffs' late fee claim.  Having denied the request for admission, Sallie Mae cannot seriously contend it is too vague to understand.

### 4. *Interrogatory No. 17*

#### a) What The Interrogatory Seeks

Do you contend that the provision in the contract setting the fee for a late payment on Plaintiff's [Ubaldi's] CEC Signature Loan was reasonable under the circumstances existing at the time the contract was made? If so, state each fact which you believe supports your contention and identify any documents that you believe support your contention.

#### b) Sallie Mae's Objections

Defendants object to this Interrogatory on the grounds, among others, that: (i) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; (ii) it seeks an improper legal conclusion; and (iii) it seeks confidential, proprietary business information.

#### a) The Objections Are Meritless

Sallie Mae's objections (i) and (iii) are meritless for the same reasons discussed concerning Interrogatory No. 14.  Objection (ii) – seeks a legal conclusion – is facially meritless because Fed.R.Civ.P. 33(a)(2) expressly provides Plaintiffs may seek Sallie Mae's contention regarding "the application of law to fact." *See, e.g., Yingling v. eBay, Inc*., 2010 WL 373868, at *3 (N.D. Cal. Jan. 29, 2010) (ordering defendant to answer contention interrogatory concerning legal conclusion). Whether the late fee provision was unreasonable under the circumstances existing at the time of contract is a central element of the late fee claim.  *See* TAC ¶ 151 (citing Cal.Civ.Code Sec. 1671(b)).  This interrogatory is proper to establish Sallie Mae's contention regarding this issue.

### 5. *Interrogatory No. 18*

#### a) What The Interrogatory Seeks

Does Sallie Mae, Inc., as the servicer of Plaintiff's [Ubaldi's] CEC Signature Loan, charge the entity for which it is servicing the loan (or any other entity) an additional sum or amount when a payment is late? If so, state the additional sum or amount that is charged to the entity (and if it varies depending on circumstances, what those circumstances are and how the amount varies), and identify all such sums or amounts that Sallie Mae, Inc. has charged another entity for late payments on Plaintiff's [Ubaldi's] CEC Signature Loan.

#### b) Sallie Mae's Objections

Defendants object to this Interrogatory on the grounds. among others, that: (i) it is overly broad, burdensome and harassing; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in

7

this action; (iii) it is vague and ambiguous; (iv) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (v) it seeks confidential, proprietary business information.

### c) The Objections Are Meritless

Sallie Mae's objections are meritless for the same reasons discussed concerning Interrogatory No. 14. As with the previous Interrogatories, Plaintiffs are entitled to the requested discovery because Interrogatory 18 seeks facts relevant to Plaintiffs' late fee claim. Plaintiffs allege Sallie Mae's late fees are unlawful because they do not compensate Sallie Mae for actual costs it incurs as the result of late payments. If Sallie Mae recoups late payment costs from third parties, the fees it collects from borrowers cannot be compensatory. Therefore, Interrogatory No. 18 is clearly "reasonably calculated to lead to the discovery of admissible evidence" and Plaintiffs are entitled to this discovery. Fed.R.Civ.P. 26(b)(1).

### 6. *Request For Production No. 56*

#### a) What The Request Seeks

All documents related to Your answer to Interrogatory No. 14 propounded by Plaintiff on Defendants, including all documents showing the calculations and all documents relating to the procedures or policies applied by Defendants to perform these calculations.

#### b) Sallie Mae's Objections

Defendants object to this Request on the grounds, among others, that: (i) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (iii) it seeks documents that contain confidential, proprietary business information.

#### c) The Objections Are Meritless

Sallie Mae's objections are meritless for the same reasons discussed concerning Interrogatory No. 14. Because this request seeks documents related to Sallie Mae's answer to Interrogatory No. 14, Plaintiffs are entitled to this discovery for the same reasons. Interrogatory No. 14 the costs Sallie Mae incurred from late payments and how Sallie Mae calculates this amount. Because Sallie Mae's actual costs from late payments are central to Plaintiffs' late fee claim, documents related to Sallie Mae's answer are "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

8

Plaintiffs' Notice of Motion and Motion to Compel Responses to Interrogatories 14-18 and Requests for Production of Documents 56-58; Memorandum of Points and Authorities in Support; Case No. 3:11-cv-01320 EDL

### 7. *Request for Production No. 57*

#### a) What The Request Seeks

All documents identified in Your response to Interrogatory No. 16 propounded by Plaintiff on Defendants.

#### b) Sallie Mae's Objections

Defendants object to this Request on the grounds, among others, that: (i) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (iii) it seeks documents that contain confidential, proprietary business information.

#### c) The Objections Are Meritless

Because this document request seeks documents related to Sallie Mae's answer to Interrogatory No. 16, Plaintiffs are entitled to this discovery for the same reasons. The request for production is indisputably relevant because the request for admission underlying Interrogatory No. 16 asked Sallie Mae to admit the factual elements of Plaintiffs' late fee claim.

### 8. *Request for Production No. 58*

#### a) What The Request Seeks

All documents identified in Your response to Interrogatory No. 17 propounded by Plaintiff on Defendants.

#### b) Sallie Mae's Objections

Defendants object to this Request on the grounds, among others, that: (i) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (ii) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (iii) it seeks documents that contain confidential, proprietary business information.

#### c) The Objections Are Meritless

Because this request seeks documents related to Sallie Mae's answer to Interrogatory No. 17, Plaintiffs are entitled to this discovery for the same reasons. Interrogatory No. 17 asks whether Sallie Mae contends the late fee provision is reasonable. Documents identified as supporting this contention are clearly "reasonably calculated to lead to the discovery of admissible evidence" and Plaintiffs are entitled to this discovery. Fed.R.Civ.P. 26(b)(1).

Plaintiffs' Notice of Motion and Motion to Compel Responses to Interrogatories 14-18 and Requests for Production of Documents 56-58; Memorandum of Points and Authorities in Support; Case No. 3:11-cv-01320 EDL

IV.     CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request the Court find that Sallie Mae waived all objections to Plaintiffs' Third Set of Interrogatories and Fourth Set of Requests for Production of Documents, or in the alternative, that all Sallie Mae's objections are without merit, and order Sallie Mae to respond in full notwithstanding any objections.

Dated:  June 18, 2013

**BRAUN LAW GROUP, P.C.**

By: _____
Michael D. Braun

10680 West Pico Boulevard, Suite 280
Los Angeles, California  90064
Telephone:  (310) 836-6000
Facsimile:  (310) 836-6010

Joseph N. Kravec, Jr. (*pro hac vice*)
Stephen M. Pincus (*pro hac vice*)
Wyatt A. Lison (*pro hac vice*)
**FEINSTEIN DOYLE PAYNE
   & KRAVEC, LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA  15219
Telephone:  (412) 281-8400
Facsimile:  (412) 281-1007

Janet Lindner Spielberg (SBN 221926)
**LAW OFFICES OF JANET
   LINDNER SPIELBERG**
12400 Wilshire Boulevard, #400
Los Angeles, California  90025
Telephone:  (310) 392-8801
Facsimile:  (310) 278-5938

William J. Genego (SBN 103224)
**LAW OFFICES OF WILLIAM
   GENEGO**
2115 Main Street
Santa Monica, California 90405
Telephone: (310) 399-3259

*Attorneys for Plaintiffs Tina M. Ubaldi and Chanee Thurston*

10

Plaintiffs' Notice of Motion and Motion to Compel Responses to Interrogatories 14-18 and Requests for Production of Documents 56-58; Memorandum of Points and Authorities in Support; Case No. 3:11-cv-01320 EDL