| | |
|---|---|
| Andrew Friedman, admitted *pro hac vice*<br>  Email: afriedman@cohenmilstein.com<br>Douglas McNamara, admitted *pro hac vice*<br>  Email: dmcnamara@cohenmilstein.com<br>Sally M. Handmaker (SBN 281186)<br>  Email: shandmaker@cohenmilstein.com<br>COHEN MILSTEIN SELLERS<br>& TOLL, PLLC<br>1100 New York Ave., Suite 500<br>Washington, D.C. 20005<br>Telephone: 202-408-4600<br><br>Michael D. Braun (SBN 167416)<br>  Email: service@braunlawgroup.com<br>BRAUN LAW GROUP, P.C.<br>10680 West Pico Boulevard, Suite 280<br>Los Angeles, California 90064<br>Telephone: 310-836-6000 | Janet Lindner Spielberg (SBN 221926)<br>  Email: jlspielberg@jlslp.com<br>LAW OFFICES OF JANET LINDNER SPIELBERG<br>12400 Wilshire Boulevard, # 400<br>Los Angeles, California 90025<br>Telephone: 310-392-8801<br><br><br><br><br><br><br>William J. Genego (SBN103224)<br>  Email: bill@genegolaw.com<br>LAW OFFICE OF WILLIAM GENEGO<br>2115 Main Street<br>Santa Monica, California 90405<br>Telephone:  310-399-3259 |

Attorneys for Plaintiffs Tina Ubaldi,
Chanee Thurston, Dana L. Barone
and Sara Bachman-Williams

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TINA M. UBALDI, CHANEE THURSTON, DANA L. BARONE and SARA BACHMAN-WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>                   Plaintiffs,<br><br>          vs.<br><br>SLM CORPORATION; a Delaware Corporation; SALLIE MAE, INC.; and SLM PC STUDENT LOAN TRUST 2004-A<br>                   Defendants. | Case No. 3-11-cv-01320-EDL<br><br><u>CLASS ACTION</u><br><br>NOTICE OF PENDENCY OF OTHER ACTION<br>(LOCAL RULE 3-13) |

Plaintiffs provide notice pursuant to Local Rule 3-13 of the following action pending in the United States District Court for the Central District of California, *Beechum, et al. v. Navient Solutions, Inc., et al.,* No. 2:15-cv-8239-BRO (MRW)), and provide the following information as specified by the Rule.[1]

Description of the Other Pending Action

*Beechum* is a putative class action alleging that Navient Solutions, Inc., and its predecessors, including Sallie Mae, Inc., violated California's prohibition against usury and related laws by charging interest at a rate exceeding 10% per annum on private student loans made to California residents. The putative class consists of borrowers with private student loans that were made pursuant by the ExportSS® Agreement between the Student Loan Marketing Association ("SLMA") and Stillwater National Bank and Trust Company ("Stillwater").

The Plaintiffs in *Beechum* also seek to bring their usury claims against the owners of their loans, but because they have not yet been able to determine what entities own their loans, they have named Doe defendants and will seek leave to amend upon learning that information.

Title and Location of the Court Where Other Action Is Pending

*Beechum, et al. v. Navient Solutions, Inc. et al.,* No. 2:15-cv-8239-BRO (MRW), United States District Court, Central District of California.

---

[1] See L.R. 3-13(a) ("Whenever a party knows or learns that an action filed or removed to this district involves all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court, the party must promptly file with the Court in the action pending before this Court and serve all opposing parties in the action pending before this Court with a Notice of Pendency of Other Action or Proceeding.").

Relationship of the Other Action to This Action

The private student loans at issue in this action and the private student loans at issue in *Beechum* action were originated pursuant to the same ExportSS® Agreement between the SLMA and Stillwater.

Plaintiffs in *Beechum*, like the Plaintiffs this action, contend that under the terms of the ExportSS® Agreement, and as implemented, their loans were *not* made by a national bank, and instead were in fact made by the SLMA, a non-bank entity, which was the actual lender, and that their state law claims are not subject to preemption under the National Bank Act ("NBA"), 12 U.S.C. § 85.

Plaintiffs in the *Beechum* action further contend that their loans are subject to and not exempt from the California usury limit of 10% per annum, because under California law, the substance of the transaction was that the loans were *not* made by a national bank, and were instead made by the SLMA, and that the lender listed on their loan contracts, Stillwater National Bank and Trust, was a nominee used by the SLMA to circumvent California law.

Thus, the present action and the *Ubaldi* action involve a material part of the same subject matter in that both cases present the question of whether, under the terms of the ExportSS® Agreement and as implemented, the loans were in fact made by the SLMA, and thus are not subject to preemption under the § 85 of the NBA.

Transfer or Coordination

While both cases involve the question of whether there is preemption under NBA, *Beechum* involves the additional question of whether, under California state law, the substance of the transaction, despite its form, renders it subject to California usury law. Further, the plaintiffs in *Beechum* seek to pursue their usury claims against the loan owners, once they are identified.

1    As the Court is aware, several plaintiffs in this action have alleged usury
2  claims (Thurston, Barone and Bachman-Williams). However, because the Court has
3  ruled they do not have standing to pursue usury claims against the named
4  defendants (ECF 242), there will be no further substantive proceedings regarding
5  the usury based claims in this case. As a result, *Beechum* presents at least two
6  questions that are not presented in this case, specifically, the application of
7  California's "substance over form" test for usury, and the viability of the usury
8  claims against the loan owners. Thus, while transfer or other coordination might
9  avoid conflict as to one issue, it is not clear that coordination beyond notice of the
10 other pending action will or is necessary to achieve the overall purposes of Local
11 Rule 3-13, given the additional issues in *Beechum*.

13 DATED: October 23, 2015            Respectfully submitted,
14                                    By: */s/ William J. Genego*
15                                    Counsel for Plaintiffs