Andrew N. Friedman (*pro hac vice*)
Douglas James McNamara (*pro hac vice*)
Sally Mae Handmaker (SBN 281186)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, Suite 500
Washington, DC 20005
Telephone:  (202) 408-4600
E-mail:  afriedman@cohenmilstein.com
E-mail:  dmcnamara@cohenmilstein.com
E-mail:  shandmaker@cohenmilstein.com

Michael D. Braun (SBN 167416)
BRAUN LAW GROUP, P.C.
10680 West Pico Boulevard, Suite 280
Los Angeles, California 90064
Telephone:  (310) 836-6000
E-mail:  service@braunlawgroup.com

Janet Lindner Spielberg (SBN 221926)
Law Offices of Janet Lindner Spielberg
12400 Wilshire Boulevard, # 400
Los Angeles, California 90025
Telephone:  (310) 392-8801
E-mail:  jlspielberg@jlslp.com

Attorneys for Plaintiffs

Sonya D. Winner (SBN 200348)
Ashley Simonsen (SBN 275203)
Rani Gupta (SBN 296346)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone:  (415) 591-6000
E-mail:  SWinner@cov.com
E-mail:  ASimonsen@cov.com
E-mail:  RGupta@cov.com

Emily Johnson Henn (SBN 269482)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, California 94065
Telephone:  (650) 632-4700
E-mail:  EHenn@cov.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA M. UBALDI, et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>NAVIENT SOLUTIONS, INC.; NAVIENT CORPORATION; and SLM PC STUDENT LOAN TRUST 2004-A,<br><br>    Defendants. | Civil Case No.: 3:11-cv-01320-EDL<br><br>**[PROPOSED]** **PRELIMINARY APPROVAL ORDER** |

**STATEMENT**

This suit was brought by plaintiff Tina M. Ubaldi on March 18, 2011 as a putative class action challenging late fees assessed and paid on certain private student loans.  The complaint has been amended three times, one of which added Chanee Thurston as an additional plaintiff.  The Court has also authorized the filing of a Complaint in Intervention that added Dana L. Barone and Sarah Bachman-Williams as additional plaintiffs.

On December 19, 2014, the Court granted in part and denied in part plaintiffs' motion for class certification, certifying two classes defined as all persons who at any time obtained a Signature, CEC Signature, or CEC Recourse loan where the lender identified on the loan application was Stillwater National Bank and whose loan application listed California as the permanent residence of the borrower if no temporary residence was identified, or whose loan application listed California as the temporary residence of the borrower, and (1) who incurred a Late Charge from Sallie Mae between March 17, 2007 and the signature date of this order, and whose loan has not yet been paid off in full or (2) who between March 17, 2007 and the signature date of this order paid a Late Charge incurred from Sallie Mae (the "Late Fee Classes").  No notice has yet been provided to members of these classes pursuant to Rule 23(c)(2).

Plaintiff Thurston, on behalf of herself and of the Settlement Class, and plaintiffs Ubaldi, Barone, and Bachman-Williams (collectively "Plaintiffs") have filed a Motion for Preliminary Approval of Class Action Settlement with Defendants Navient Solutions, LLC ("NSL"), Navient Corporation, and SLM PC Student Loan Trust 2004-A ("2004-A Trust") (collectively "Defendants").  On September 11, 2017, the Court held a hearing on Plaintiffs' motion.

Under the parties' Class Action Settlement Agreement, as amended by the First Amendment to Class Action Settlement Agreement (the "Settlement Agreement"), Plaintiffs and Defendants have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle the above-captioned matter upon the terms set forth in the Settlement Agreement.  This Court has reviewed and considered the Settlement Agreement, together with all exhibits thereto, the record in this case, and the briefs and arguments of counsel.

The Settlement Agreement provides, *inter alia*, that this action will, subject to the Court's approval, be settled on behalf of a Settlement Class that consolidates and redefines the two Late Fee Classes previously certified by the Court. The parties have shown, and the Court is persuaded, that this redefinition of the class will permit (a) efficient and effective notice to be provided to class members for settlement purposes and (b) a fair and reasonable settlement of this litigation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meanings ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this Action, Plaintiffs, Class Members, Defendants, and any party to any agreement that is part of or related to the Settlement Agreement.

**SETTLEMENT CLASS**

3. For settlement purposes only, the Court conditionally consolidates the Late Fee Classes (certified by the Court on December 19, 2014) into one class, and redefines that class as the following Settlement Class:

> All Persons who were assessed and/or paid at least one Late Fee during the Class Period on a Class Loan and who are shown in NSL's records as of June 15, 2017 as having an existing or a last known address in California. The term "Late Fee" means a fee charged as a result of a late payment on a loan; the term "Class Period" means the period beginning on March 17, 2007 and ending on December 19, 2014; the term "Class Loan" means a Signature, CEC Signature, or CEC Recourse loan that, according to NSL's records, was originated by Stillwater National Bank & Trust Company with a disbursement date on or after July 1, 2002, but before August 1, 2006, that was serviced by NSL, and for which the borrower is shown in NSL's records as of June 15, 2017 as having an existing or last known address in California.

4. Specifically excluded from the Settlement Class are the following Excluded Persons:

(a) the Settlement Administrator; (b) any parent, subsidiary, or affiliate of any of the Defendants and their respective officers, directors, agents, or employees as of the date of filing of the Action; (c) any judge presiding over the Action and his or her immediate family members; and (d) Persons who timely opt out of the Settlement Class by requesting exclusion pursuant to the Settlement Agreement.

5. For settlement purposes only, conditional consolidation of the Late Fee Classes and redefinition of those classes as the Settlement Class is appropriate because the Court provisionally finds that all four requirements of Rule 23(a) are met and the action also satisfies the requirements of Rule 23(b), as follows:

   a. The proposed class is comprised of thousands of student loan borrowers in California. Thus, "[t]he class is so numerous that joinder of all members is impractical." *See* Fed. R. Civ. P. 23(a)(1).

   b. In the context of the proposed Settlement, there are questions of law or fact common to Class Members, *see* Fed. R. Civ. P. 23(a)(2), because the Class Members' claims arise from the same allegedly unfair conduct, allegedly resulting in the charging of excessive late fees on Class Members' student loans. Furthermore, in the settlement context these common questions predominate over any questions affecting only individual members, and the proposed class action settlement is superior to other available methods of adjudication because it allows for efficient resolution of these common issues without unnecessary duplication of litigation. *See* Fed. R. Civ. P. 23(b)(3).

   c. The Class Representative's claims are typical of those of the putative class she seeks to represent. *See* Fed. R. Civ. P. 23(a)(3). The Class Representative was assessed and/or paid at least one Late Fee during the Class Period on a Class Loan. The Class Representative's representation of the Settlement Class is appropriate because she seeks similar damages to those asserted by the Class Members, allegedly flowing from Defendants' allegedly unfair conduct, and proposes to settle her claims on the same basis as that of other Class Members.

  d.  The Class Representative and her counsel will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23(a)(4).  To determine if representation is adequate, the Court must ask, "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).  The Class Representative's interests are representative of and consistent with the interests of the proposed Settlement Class—all stand to recover damages for Defendants' alleged conduct.  Also, the Class Representative's active participation in this litigation demonstrates that she has and will continue to protect the interests of the proposed Settlement Class.  Further, Class Counsel are qualified to pursue litigation of this size, complexity, and scope.

6.  The Court finds that the redefinition of the Settlement Class for settlement purposes is fair, reasonable, and in the interests of justice, notwithstanding the likely inclusion in the Settlement Class of persons who are not members of the Late Fee Classes and the likely exclusion from the Settlement Class of persons who are members of the Late Fee Classes.  Should the Court grant Final Approval to the Settlement, any persons other than plaintiffs who fall within the definition of either or both of the Late Fee Classes and are not within the definition of the Settlement Class shall not be bound in any way by the Settlement or by res judicata arising from any order of this Court in this litigation.

7.  Accordingly, for settlement purposes only, the Late Fee Classes will be consolidated into the proposed Settlement Class, and the proposed Settlement Class conditionally certified; the Court appoints Chanee Thurston as Class Representative of the Settlement Class; and the Court designates the following as Class Counsel for the Settlement Class:  Cohen Milstein Sellers & Toll PLLC; Braun Law Group, P.C.; and Law Offices of Janet Lindner Spielberg.

8.  The Court expressly reserves the right to determine, should the occasion arise, whether the Class Representatives' claims may remain certified as a class action for purposes other than settlement or whether the Late Fee Classes should be decertified, and Defendants hereby retain all rights to assert that the Class Representatives' claims may not remain certified as a class action except for settlement purposes and that the Late Fee Classes should be decertified.

**PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AGREEMENT**

9. Federal Rule of Civil Procedure 23(e) provides that a proposed settlement in a class action case must be initially approved by the Court. The Court is to determine whether the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). As a first step, plaintiffs must seek preliminary approval of the proposed settlement, which is an "initial evaluation" of the fairness of a proposed settlement. Manual for Complex Litigation (Fourth) § 21.632 (2015). In determining whether the proposed settlement is "fundamentally fair, adequate, and reasonable" the Court makes a preliminary determination of whether to give notice of the proposed settlement to the class members and an opportunity to voice approval or disapproval of the settlement. *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)); *see* Manual for Complex Litigation (Fourth) § 21.631 (2015). Preliminary approval establishes an "initial presumption" of fairness, such that notice may be given to the class and the class may have a "full and fair opportunity to consider the proposed [settlement] and develop a response." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

10. While the Court is not to consider at this stage whether final approval is warranted, all the relevant factors weigh in favor of preliminarily approving the proposed Settlement Agreement. First, the Settlement is the result of arm's length negotiations among experienced counsel, following extensive discovery on both sides. Second, the Settlement is fair, reasonable, and adequate, affording all Class Members who paid Late Fees during the Class Period monetary relief in an amount proportionate to the number of Late Fees paid. Furthermore, Defendants have agreed to adhere, as of the Effective Date of the Settlement Agreement, to a formula for calculating Late Fees on Class Loans of Class Members for the duration of those loans that is proportionate to the amount of the unpaid installment amount.

11. As a result, the Court preliminarily approves the Settlement Agreement subject to the Fairness Hearing for purposes of deciding whether to enter the Final Approval Order and Final Judgment and finds notice to the Settlement Class appropriate here.

12. The Court further finds that the proposed Allocation of Class Payment Amount set forth in Paragraph 4.1.1 of the Settlement Agreement is fair, reasonable, and adequate, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing.

## NOTICE OF SETTLEMENT TO SETTLEMENT CLASS MEMBERS

13. The Court appoints Rust Consulting to serve as Settlement Administrator and to provide the Settlement Administrator services set forth in and contemplated by the Settlement Agreement.

14. The Court approves the Notice Plan, the content of which is without material alteration from that set forth in the Settlement Agreement, Exhibit A to the Declaration of Michael D. Braun in Support of Preliminary Approval of Class Action Settlement ("Braun Declaration"), as amended by the First Amendment to Class Action Settlement Agreement.

15. The Court finds the Notice Plan implemented pursuant to the Settlement Agreement (a) is the best practicable notice, (b) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed Settlement, (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) meets all requirements of applicable law.  Hence, when Notice is completed, it shall constitute due and sufficient notice of the proposed Settlement Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the applicable requirements of Rule 23 and due process.

16. The Court directs the Settlement Administrator to provide notice to potential Class Members in accordance with the Notice Plan.  The Settlement Administrator will mail and/or email notice to potential Class Members pursuant to procedures described in the Notice Plan and shall create a case-specific website with case information, court documents relating to the Settlement, and the Notice. By no later than five (5) days after the opt-out deadline, the Settlement Administrator shall file with the Court an Affidavit of Compliance with the Notice Plan.

17. All costs incurred in disseminating Notice and administering the Settlement shall be paid by Defendants pursuant to the Settlement Agreements.

## SETTLEMENT CLASS MEMBER RESPONSE AND FAIRNESS HEARING

18. Settlement Class Members will have until sixty (60) days after the Notice Date (the "Opt-Out Deadline") to opt out of the proposed Settlement.

19. Any Settlement Class Member who wishes to be excluded from the Settlement must send a written request for exclusion to the Settlement Administrator on or before the Opt-Out Deadline.

1   Settlement Class Members may not exclude themselves by filing requests for exclusion as a group or
2   class, but must in each instance individually and personally execute a request for exclusion.  Settlement
3   Class Members who exclude themselves from the Settlement will not be eligible to receive any benefits
4   under the Settlement, will not be bound by any further orders or judgments entered for or against the
5   Settlement Class related hereto, and will preserve their ability independently to pursue any claims they
6   may have against Defendants.

7         20.   All Settlement Class Members who did not properly and timely submit a written request
8   for exclusion from the Settlement Class (*i.e.*, become an opt-out) on or before sixty (60) days after the
9   Notice Date will be bound by all the terms and provisions of the Settlement Agreement and all
10  proceedings, orders and judgments in the Action, even if such Settlement Class Member has previously
11  initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release,
12  whether or not such Settlement Class Member objected to the Settlement and whether or not such
13  Settlement Class Member received consideration under the Settlement agreement.

14        21.   A final hearing on the Settlement Agreement ("Fairness Hearing") shall be held before
15  the Court on <u>May 29</u>, 2018, at <u>9</u> a.m./~~p.m.~~ At the Fairness Hearing, the Court will consider (a)
16  the fairness, reasonableness, and adequacy of the Settlement and Settlement Agreement and whether the
17  Settlement Agreement should be granted final approval by the Court; (b) approval of the proposed
18  Allocation of Class Payment Amount; and (c) entry of a Final Approval Order and Judgment including
19  the Settlement Releases.  Class Counsel's application(s) for an Expenses Award or Class
20  Representatives Award shall also be heard at the time of the hearing.

21        22.   Any Settlement Class Member who does not opt out and who wishes to object to the
22  fairness, reasonableness, or adequacy of the Settlement or Settlement Agreement shall file with the
23  Court and serve on Class Counsel and Defendants' Counsel no later than sixty (60) days after the Notice
24  Date, or as the Court may otherwise direct, a statement of the objection signed by the Settlement Class
25  Member containing all of the following information:

26        (i) the name of the Action; (ii) the objector's full name, address and
27        telephone number; (iii) all grounds for the objection, accompanied by any
28        legal and factual support (including copies of any documents relied upon);

(iv) whether the objector is represented by counsel, and if so the identity of such counsel; (v) a statement confirming whether the objector intends to personally appear and/or testify at the Fairness Hearing; (vi) the identity of any counsel who will appear at the Fairness Hearing on the objector's behalf; (vii) a list of any witnesses the objector wishes to call to testify, or any documents or exhibits the objector or the objector's counsel may use, at the Fairness Hearing; (viii) the number of class actions in which the objector or his or her counsel have filed an objection in the last three (3) years; and (ix) the objector's signature.

23. Any response to an objection shall be filed with the Court no later than forty-five (45) days after the Opt-Out Deadline.

24. Any member of the Settlement Class who does not file a timely written objection to the Settlement or who fails otherwise to comply with the requirements of Paragraph 8.3 of the Settlement Agreement shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or by any other means.

25. Any attorney hired by a member of the Settlement Class for the purpose of objecting to the proposed Settlement, any Expenses Award, or any Class Representative Award and who intends to make an appearance at the Fairness Hearing shall provide to the Settlement Administrator, Class Counsel, and Defendants' Counsel and file with the Clerk of the Court a notice of intention to appear no later than ninety (90) days after the Notice Date or as the Court may otherwise direct. Counsel who do not adhere to these requirements will not be heard at the Fairness Hearing.

26. Class Counsel shall file any motions for an Expenses Award or Class Representatives Award(s) thirty (30) days prior to the Objection/Exclusion Deadline, in accordance with the terms set forth in Paragraph 11.3 of the Settlement Agreement.

27. The Settlement Administrator shall provide the opt-out list to Class Counsel and Defendants' Counsel no later than five (5) days after the Objection/Exclusion Deadline, and then file with the Court the opt-out list with an affidavit attesting to the completeness and accuracy thereof no later than five (5) days thereafter or on such other date as the Parties may direct.

The schedule by which the events referenced above shall occur is as follows:

| Event | Due Date |
| --- | --- |
| Notice mailed and/or emailed and posted on internet (Notice Date) | 60 days from Order preliminarily approving Settlement |
| Deadline for application(s) for an Expenses Award or Class Representatives Award | 30 days after Notice Date |
| Objections deadline | 60 days after Notice Date |
| Exclusions deadline/end of opt-out period (Opt-Out Deadline) | 60 days after Notice Date |
| Administrator files Affidavit of Compliance with Court regarding Notice requirements | 5 days after Opt-Out Deadline |
| Deadline to file notice of intention to appear at Fairness Hearing | 90 days after Notice Date |
| Deadline to file Motion for Final Approval and responses to Objections | 45 days after Opt-Out Deadline |
| Final Fairness Hearing | May 29, 2018 at 9:00 a.m./~~p.m.~~ |

28. The Court preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (a) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Claims Released by the Class; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Claims Released by the Class; and (c) attempting to effect opt-outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to

the Action and/or the Claims Released by the Class. Any person or entity who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants, any other Parties Released by the Class, and/or Class Counsel as a result of the violation. The Settlement Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

29. The Court reserves the right to adjourn or continue the Fairness Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Fairness Hearing or at any adjournment or continuance thereof, and to approve the Settlement with modifications, if any, consented to by the Class Counsel and Defendants' Counsel without further notice.

30. All pretrial proceedings in the Action are stayed and suspended until further order of this Court.

31. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated *nunc pro tunc*, or modified in any material respect by the Court or by any other court, the consolidation of the Late Fee Classes into the Settlement Class and certification of the Settlement Class shall be deemed vacated; the Action shall proceed as if the Late Fee Classes had never been consolidated into the Settlement Class and the Settlement Class had never been certified; and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in the Action or in any other action or proceeding.

32. Neither the Settlement Agreement nor the Releases given therein, nor any consideration therefor, nor any actions taken to carry out the Settlement Agreement shall be deemed or construed to be an admission or concession of liability, or the validity of any claim, defense, or any point of fact or law (including but not limited to matters respecting class certification) on the part of any Party. Neither the Settlement Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, this Preliminary Approval Order, or the Final Order and Judgment), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession by any person, including Defendants, and shall not be offered or

1  received in evidence, or subject to discovery, in this or any other action or proceeding except in an
2  action brought to enforce its terms or except as may be required by law or Court order.

4  Dated:  October 13    , 2017

*signature*

Hon. Elizabeth D. Laporte
United States Magistrate Judge