1
2
3              **UNITED STATES DISTRICT COURT**
4            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
5

6  TINA M. UBALDI, et al.                    Civil Case No.: 3:11-cv-01320-EDL
7       Plaintiffs,
8                                            **[PROPOSED]** **FINAL APPROVAL ORDER**
                                             **AND JUDGMENT AS MODIFIED**
9       v.
10 NAVIENT SOLUTIONS, INC.; NAVIENT
   CORPORATION; and SLM PC STUDENT LOAN
11 TRUST 2004-A,
12      Defendants.
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Upon review and consideration of the Settlement Agreement (Dkt. No. 300-1, Exhibit A, *as amended by* Dkt. No. 305-1, Exhibit 1) by and between plaintiffs Tina Ubaldi, Chanee Thurston, Dana Barone, and Sara Bachman-Williams (together, "Plaintiffs") and defendants Navient Solutions, Inc.; Navient Corporation; And SLM PC Student Loan Trust 2004 (together, "Navient") and the memoranda and arguments of counsel.

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.   Pursuant to Federal Rule of Civil Procedure 23(e), the settlement of this Action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable and adequate settlement of this case in light of the factual, legal, practical and procedural considerations raised.  The definitions and provisions of the Settlement Agreement are hereby incorporated as though fully set forth herein.  For purposes of this Order and Judgment, capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

2.   This Court has personal jurisdiction over all Class Members and jurisdiction over the subject matter of the Settlement Agreement and all exhibits thereto.

3.   The Court hereby approves the Agreement and the Settlement as fair, reasonable, and adequate as to, and in the best interests of, the Class Members; and as consistent and in compliance with all requirements of due process and applicable law.

4.   The previously certified Late Fee Classes are hereby consolidated into one class -- the Settlement Class as defined below.  The Settlement Class completely replaces and supplants the Late Fee Classes, which shall have no further separate existence or effect. Pursuant to Federal Rule of Civil Procedure 23 the Court certifies, for settlement purposes only, the following Settlement Class:

> All Persons who were assessed and/or paid at least one Late Fee during the Class Period on a Class Loan and who are shown in NSL's records as of June 15, 2017 as having an existing or a last known address in California. The term "Late Fee" means a fee charged as a result of a late payment on a loan; the term "Class Period" means the period beginning on March 17, 2007 and ending on December 19, 2014; the term "Class Loan" means a Signature, CEC Signature, or CEC Recourse loan that, according to NSL's records, was originated by Stillwater National Bank & Trust Company with a disbursement date on or after July 1, 2002, but before August 1, 2006, that was serviced by NSL, and for which the borrower is shown in NSL's records as of June 15, 2017 as having an existing or last known address in California.

>Specifically excluded from the Settlement Class are the following Excluded Persons: (a) the Settlement Administrator; (b) any parent, subsidiary, or affiliate of any of the Defendants and their respective officers, directors, agents, or employees as of the date of filing of the Action; (c) any judge presiding over the Action and his or her immediate family members; and (d) Persons who timely opt out of the Settlement Class by requesting exclusion pursuant to the Settlement Agreement.

5. The Court finds the Notice and the Notice Plan implemented pursuant to the Settlement Agreement: (a) constitute the best practicable notice under the circumstances, (b) constitute notice that is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, their right to monetary and non-monetary relief, their right to object to or exclude themselves from the Settlement Class, and their right to appear at the Fairness Hearing;[1] (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the rules of the Court, and any other applicable law;

6. The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing this Agreement;

7. The Court appoints Chanee Thurston as class representative of the Settlement Class and finds that she meets the requirements of Federal Rule of Civil Procedure 23.

8. The Court appoints Cohen Milstein Sellers & Toll PLLC; Braun Law Group, P.C.; and Law Offices of Janet Lindner Spielberg., as counsel for the Settlement Class. The Court finds that counsel are competent and capable of exercising all responsibilities as Class Counsel and that these attorneys meet the requirements of Federal Rule of Civil Procedure 23(g).

9. The Court hereby approves the National Endowment for Financial Education to receive the Cy Pres Distribution in accordance with the terms set forth in the Settlement Agreement and the First Amendment to Class Action Settlement Agreement.

---

[1] Only one Class Member sought to register an objection to the Settlement. This objection was not served in the manner prescribed in the class Notice; however, the Court has considered the objection and finds that it does not present a basis for refusing approval of the Settlement.

10. The Court dismisses the Action (including all individual claims and Settlement Class claims presented thereby) as to all Defendants on the merits and with prejudice, without fees or costs to any Party except as expressly provided in Section 3.1 of the Settlement Agreement.

11. The Releases and Covenants Not to Sue described in Section 6 of the Settlement Agreement are incorporated in full herein, are effective as of the Effective Date, and forever discharge and release the Released Parties.

12. The Class Members who have timely and properly excluded themselves from the Settlement Class pursuant to Section 8 of the Settlement Agreement are as follows. They represent the complete list of members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment.

| CLAIMANT ID | CLAIMANT |
| --- | --- |
| 146012 | SAUNDRA J SIMPSON |
| 156066 | RACHEL R SORIA |
| 161237 | EXIS S TORRES |

13. The Settlement Agreement, the Settlement, and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence, a presumption, a concession, or an admission of (i) liability, (ii) any misrepresentation or omission in any statement or written document approved or made by Defendants or any of the Parties Released by Plaintiffs or the Class, or (iii) the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Agreement and the Settlement in such proceedings as may be necessary to effectuate the Agreement.

14. ~~The Parties are authorized without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Agreement and all Exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Parties or Class Members.~~

15. Without affecting the finality of the Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of this Agreement and the Final Judgment and for any other necessary purpose.

16. The Settlement Agreement, this Order and Final Judgment will be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by the Releases and/or that are based, in whole or in part, on the Released Claims

17. The Court approves Class Counsel's application for $~~50,000~~ **$49,800** in attorneys' costs.

18. The Court approves incentive awards for Chanee Thurston in the amount of $100.00 and Tina Ubaldi in the amount of $100.00.

19. The Court directs the Parties and their counsel to implement and consummate this Agreement according to its terms and provisions.

IT IS SO ORDERED.

Dated: May  29 , 2018

**Hon. Elizabeth D. Laporte**
**United States Magistrate Judge**